VILLANTI, Judge.
T.K. challenges his adjudication of delinquency for battery in circuit court case number 01-1980 and for food tampering and culpable negligence in circuit court case number 01-6464. We reverse T.K’s adjudication on the battery charge but affirm his adjudications for food tampering and culpable negligence.
On February 26, 2001, T.K. was taken into custody on a battery charge after he allegedly kicked his mother in the face. At that time, the State did not pursue the charges. On June 29, 2001, T.K. was taken into custody on the food tampering and culpable negligence charges after he allegedly put sewing pins into ice cubes that he knew his mother would be putting in her beverage. The State filed its delinquency petition against T.K. on the food tampering and culpable negligence charges on July 30, 2001. The State did not file a petition for delinquency on the battery charge until September 7, 2001. After an adjudicatory hearing held October 18, 2001, the trial court adjudicated T.K. delinquent in both cases and sentenced him to a high-risk residential program. In this appeal, T.K. asserts that his adjudications should be reversed because the State failed to comply with the speedy trial requirements of Florida Rule of Juvenile Procedure 8.090.[1]
Rule 8.090 states in pertinent part:
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (m).
Subdivision (m) allows the child to file a motion for discharge after the expiration of the ninety-day period and requires the court to hold a hearing on the motion within five days.
In this case, it is undisputed that T.K. did not file a motion for discharge in either case at any time before the adjudicatory hearing. However, as the State *271 properly concedes, such a motion is not necessary to avoid the battery charge. In P.S. v. State, 658 So.2d 92, 94 (Fla.1995), the supreme court held that the State simply may not file a petition against a juvenile after the speedy trial period provided in rule 8.090(a)(1) has expired as to the specific charges at issue. See also D.A.J. v. State, 754 So.2d 817, 819 (Fla. 2d DCA 2000) (reversing conviction and remanding for discharge because the State failed to file the petition for delinquency until after the ninety-day speedy trial period had expired); State v. T.W., 679 So.2d 69, 70 (Fla. 4th DCA 1996) (affirming dismissal of charges because the petition was filed one day after the speedy trial period had expired). No written motion for discharge is necessary to preserve this error. D.A.J., 754 So.2d at 819.
Here, T.K. was arrested on the battery charge on February 26, 2001. The ninety-day speedy trial period expired on May 26, 2001. However, the State did not file its petition for delinquency on this charge until September 7, 2001. At that point, the State had violated T.K.’s speedy trial rights, and it was without jurisdiction to file the petition. Accordingly, we reverse T.K’s adjudication for battery and remand for discharge in circuit court case number 01-1980.
The same cannot be said for the charges of food tampering and culpable negligence. As to those charges, while the State’s petition was timely filed, the adjudicatory hearing was not held until almost three weeks after the ninety-day speedy trial period expired. Therefore, the State violated T.K.’s speedy trial rights on these charges. However, because the State had timely filed its petition, T.K. was required to file a written motion for discharge in order to obtain relief. See Fla. R. Juv. P. 8.090(b) (stating that a juvenile is entitled to the remedies set forth in subsection (m) “upon motion timely filed with the court” if the hearing has not been held within ninety days); Fla. R. Juv. P. 8.090(m)(2) (requiring the juvenile to file a motion for discharge in order to be entitled to the remedies for the State’s failure to bring the juvenile to hearing). See also D.A.J., 754 So.2d at 819. Here, T.K. filed no such motion. In the absence of a written motion for discharge, this issue is not preserved for review.[2] Accordingly, we affirm T.K’s adjudications for food tampering and culpable negligence.
Affirmed in part, reversed in part, and remanded for discharge in circuit court case number 01-1980.
WHATLEY and SILBERMAN, JJ., concur.

. Counsel for T.K. initially filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon an order from this court, the parties submitted supplemental briefing on the issue addressed in this opinion.

. We note that had T.K. filed such a motion, the State would have been entitled to take advantage of the ten-day "window of recapture” provided by rule 8.090(m)(3).